Good morning. I'm Larry Stephens. I'm representing the appellant Paul Heck. The matter before this court involves a written promissory note written from a father, made by the father of the maker, to his son for a $51,000 loan to redeem taxes which had been sold. The promissory note, by its terms, says perpetual 90-day note. Borrowers shall make a single payment on demand within 90 days of demand letter. If payment is not demanded or paid by borrower, this note will renew automatically in full course of the terms until said note is paid. The loan was made in 1988. The father died in 2006. No demand for payment had been made, nor was any payment made. A probate estate was opened for Mr. Heck. Why don't you just get the measure? Why is this not a demand note? Why is it not governed by a 10-year statute of limitation? Because it says perpetual note on its face, number one. Number two, it says that if it's not, no demand is made or no payment is made, it will renew automatically in full course and effect until said note is paid. If you have a demand note and no demand is made on it, when's it due? It is due once a demand is made. So it goes on forever until a demand is made. It's called an evergreen clause. The courts in Illinois have found that pardons by agreement can shorten a period of statute of limitations. There is no holding by the court in Illinois that the pardons cannot extend a statute of limitations. There are cases – I don't understand what you're – the question in this case is whether it is or is not a demanding note. If it is a demand note, the statute of limitations is 10 years. If it is not a demand note, the statute of limitations is not 10 years. So there is nothing in this note that says they choose to extend the statute of limitations. It's merely a question of it's due 90 days after demand, and if no payment is made and no demand is made, then the note continues on. My question was, how is that different than any demand note when no demand is made? It just continues on. The Inway of the Estate of Doremus has held a note which talks about renewing forever if it has appropriate contract language showing an intention not to be bound by the 10-year statute of limitations. Mr. Stevens, Doremus is of limited applicability here because, first of all, it's an Illinois developed case. Even the circuit court didn't have to follow it because it predates 1935 and therefore is not binding on the circuit court. And more importantly, it predates the Uniform Commercial Code being enacted in Illinois. So all I'm – what I'm saying in getting to how do you get around the comment to the Uniform Commercial Code that seems to address this exact situation being an inter-family loan that somebody forgot about or just left to sit for until the person involved died? Yeah. I take a look at the Molitor Corporation v. Amherst, and that's a – it involves a letter of credit, but it is still – it still is covered by the Uniform Commercial Code. In that letter of credit, they said if no demand is made, it will automatically be renewed for one year, and this appellate court found it to be enforceable. They – that type of clause is known as an evergreen clause, and Illinois courts have enforced evergreen – provisions of evergreen clauses. So under your scenario, the note could continue accruing interest in perpetuity as long as the notemaker was still alive and there was an estate around to collect from? Well, Judge, I have perpetuity I don't know about. I think that's a whole other issue. We're not at perpetuity. This is 2019. Is the estate – Demand was made – just to clear the record, demand was made by the claimant against the estate. Against the estate. Demand was made, was not paid, and then the claim was filed. Our cases – So then demand was made. Our cases seem to suggest that a demand note is a document that's payable on demand or otherwise indicates it's payable at the will of the holder. In this particular case, your note is payable at the will of the holder. Yes, it is. 30 days after he makes demand, or does not state a definite time for payment, and there is no definite time for payment. If that's all the note said, I don't think I would have any argument at all. But the note goes on and says it. It contemplates that situation. If payment is not demanded or paid by borrower, this renote will renew automatically. Back to my initial question that I asked you. Forget about this case for a minute. If you have a simple demand note that says this note is payable on demand and no demand is made, the note continues on until a demand is made. How is that different from your case? The maker and the parties contemplated the fact that the note would not be paid on the due date. What was the due date? The due date would have been 90 days after a written demand was made. So there is no due date. The due date is 90 days after a demand is made. But that's not a date. A date is January 15, 2021. There is no specific date. There is no date. There is no specific date made. Payment is determined based upon demand by the holder. Right? 90 days. There it is. Yes, sir. So it's contingent on demand. For the statute of limitations to bar this case, we would have to find that the wording perpetual 90-day note means nothing and that the other language in this written document saying what happens if payment is not demanded or payment is not made means nothing. Both of these things would have no legal effect. Excuse me. The latter statement that you just made is applicable to all demand notes. So it's not peculiar to this case. If no demand is made, the terms continue on and they continue on until demand is made. It's just that simple. The only thing you're talking about is this language in this note about perpetual 90-day demand note. Borrowers shall make a single payment on demand within 90 days of the demand letter. If it's not demanded, the note will renew automatically in full force and effect. I don't know what this will renew automatically means because if no demand is made, the note doesn't expire. But it's a perpetual 90-day note, 90 days after demand. Why isn't it that demand is? Because it shows an intention not to be bound by the 10-year statute of limitations. Counsel, this thing doesn't say a thing about a statute of limitations. No, it says that if it isn't paid within 90 days, it automatically renews. And what did the statute of limitations say at the time this note was entered into? I believe it would have said 10 years from default. Actually, no, Your Honor, the statute would have said if no demand is made and no payment is made, the statute of limitations would be 10 years. It says that? Yes, I believe so. The statute that was in effect at the time this note was executed says that? I believe so. No, it doesn't. The parties and the court interpreted the wrong statute of limitations. The statute of limitations, the current version of 13-206 does in fact say an action to enforce the obligation of a party to pay the demand promissory note must be conventional within 10 years after the demand. That's what it says today. That's not what it said when this note was executed. And this particular section of 13-206 says that it's with respect to demand promissory notes dated on or after the effective date of the Amendatory Act of 1997. The effective date of the Amendatory Act of 1997 was January the 1st, 1998. When was this note executed? 1988. This section of the statute does not apply to this note. The statute, in effect, at the time this note was executed, says, actions on promissory notes shall be commenced within 10 years after the cause of action occlude. When does the cause of action on the demand note accrue? Judge, the day it's written or the next day? Exactly right. The day it's written. And in this particular case, the cause of action on this note accrued 90 days after it was written. Well, I do now. Well, that's a determination. That would be a determination by this Court that the maker's words, perpetual 90 days, automatic renewal, mean nothing. There's disregarded from this contract between the maker and the lender. These words mean nothing. I think it's a contract. I think these words do show an intent not to be bound by that statute. All right. It's very similar to in regular deremas, which I admit is an old case. All right. But it is very similar to letters of credit under the commercial code, where language such as this allows a deferral and extends an otherwise default. Thank you. We'll give you time for rebuttal. Thank you. Counsel. Good morning, Your Honor. Good morning. Why don't you start with what are we supposed to do with the fact that you all rely on the wrong statute? Your Honor, I brought that to the Court's attention in our group. I agree that the counsel that was representing the appellees before the probate court, in fact, relied on the wrong statute. Well, so did the judge. So did the judge. We addressed that, and effectively, the real issue here was if we applied the statute that should have been applied, would the result have been any different? And we addressed that in our brief as well, suggesting that the language of 3118, which was in effect at the time, would have nonetheless held that the claim was barred by the tenure of statute of limitation. Because the statute would have begun to run. Excuse me. We're now going to have to deal with the question of when did the cause of action on this note occur? When did that cause of action occur? It is our position that the cause of action occurred not later than 90 days after the note was written. And that's based on the fact that the demand could have been made on that day? That is correct. I think this is an interesting case, and I'll address just a couple things very quickly. Mr. Stevens said that the decedent died in 2006. He actually died in 2016. He also referred to the holding in Doremus. The language relied on in Doremus was actually victim. The holding was actually contrary to the position that he wishes this Court to take. But here, the real issue is, is it a demand note or is it not a demand note? Because regardless of whether you apply the current statute of limitations or the one that was in effect at the time. We can't apply the current statute of limitations because the statute specifically says it's not applicable to this time. I understand that. But even if it had and the Court used the right statute, and I agree with this Court that, you know, when the legislature says this statute of limitations is prospective only, they've indicated their intent and the Court is bound to follow the intent of the legislature. So the statute of limitations that should have been applied was 10 years from when the cause of action approved, which I believe under the case law is cited, and I agree with this, unequivocally no later than 90 days after the note was delivered. Here, we really have to deal with a question of statutory interpretation and contract interpretation that's been raised by the appellate. What do these problematic words, perpetual 90-day note, mean in the context of this case? What do the words renews automatically mean? And it's kind of a chicken-and-egg controversy. Do we look at the statute to find out if this is a demand note, or do we look at the note first and then figure out which statute it was? I suggest that we look first to the statute because it defines what a demand note is. 13108A defines a demand note as a promise of fourth order that is payable on demand. It states that it is payable on demand or otherwise indicates that it is payable at the will of the host. Then you look at the note. It says it's payable on demand. Check. You look. It's payable on demand 90 days after delivery of a demand letter. That certainly sounds at the will of the holder. Check, check. This is a demand note. Game, set, match. But then you look at the next section of the statute, 3108B, which defines what is sometimes called a time instrument. And it has somewhat problematic language as well, that if it is payable on demand but or after a lapse of a definite period of time after site or acceptance, then it's a time instrument. So you look at this note. Is that what this 90-day perpetual note means, that it's payable at a definitive time after site or acceptance? Because if it is, then maybe it falls within subsection B, and it's not a demand note. And to figure that out, you have to go back in Mr. Peabody's Wayback Machine to find out what the difference between at site, after site, and on demand means. Because historically, those three terms have historical differences in the law as this law has often was incorporated into the code. One of the things that Your Honor has mentioned, when Mr. Stevens was up here, was comment two to section 3118. And I think that really speaks to the legislative attack here in its recognizing that particularly in the case of inter-family disputes where debts are not handled with the same formality that they are with bills of exchange or banks or credit companies or credit unions, that it is not unusual or untoward that a note could be made in forgiveness. For example here, the appellant, Paul, the son, bought the garage business at one point, and we know that. Was this debt offset against the purchase price of that business? That would be an issue at trial. But as the comment indicates, when you make your demand 29 years after the note was made, and it's a family issue, it creates issues of fact that almost can never be resolved after that period of time. If there was payment, the evidence of payment is probably long gone. If there was a forgiveness of debt, and it was an informal agreement between father and son. That sounds like a Latches defense. And Latches doesn't apply to actions of law. This is an action of law. No, I think it goes beyond that. I think it goes to what the legislative intent was in drafting the statute as they drafted the statute. And that's addressed in the Chapman case that we cite, I believe, is it page 9 of our brief? Specifically, in Chapman, the court stated that if you interpret the statute the way that the appellant does here and the way that the appellant did in Chapman, then it puts the power of the creditor to extend the obligation to pay literally forever. And the note becomes payable at his pleasure, and the application of the statute of limitations becomes payable at his pleasure. And they say, we don't think that is what the legislature intended. We also cite at that same section of our brief, Walsh v. Urban, which is not an Illinois case, but follows up on that comment 2. And cites comment 2 in the context of a family dispute. This is exactly what the draftsman of the UCC intended the operation of this statute of limitations to be. And they point out that if a maker of a note is a relative and the claim on the note is presented after a substantial period of time, it would be nearly impossible, particularly in a decedent's estate, to ever determine with any degree of certainty whether this is a real debt, a forgiven debt, or a paid debt. And I believe that the statute was designed by the legislature to prevent exactly this type of situation, is that this was to be returned to the trial court. The evidence that would be necessary to determine was this debt paid 20 years ago, was it paid 15 years ago? If not, why wasn't it paid? Unless the court has any questions, I believe we have addressed the issues in the case law in our brief. I would stand on our brief and be certainly happy to answer any additional questions the court may have. Thank you. Briefly, you ask when this cause of action accrues. All right. And with nothing more, with no perpetual language, it would accrue. Obviously, when demand was made, demand could have been made the next day. Well, it wouldn't have accrued the next day because it was 90 days after demand was made. So it would have accrued 90 days. Ninety days after demand was made. And if it didn't say anything more than that, I believe there's no question the statute would apply. I believe the statute does not apply because of perpetual 90-day note and the language of automatic renewal, all right, takes it out of that statute because it shows an intent by the parties under that contract not to be bound. Your argument has to be the statute doesn't apply because it is not a demand note. Yes. I mean, that has to be right. Yes. The borrower could have paid any time and stopped all of this, but the borrower didn't do that. We talk about what happens between parents and children. There's no evidence here of forgiveness. None whatsoever. I'm not going to start a primary defense of it. I'm not going to do that. It's on that basis that I think our appeal should be granted and remanded back to the trial. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you.